### MONROE v. MUSICA et al.

(Supreme Court, Appellate Division, Second Department. January 22, 1915.)

EXECUTORS AND ADMINISTRATORS (§ 367*)—SALE OF LAND—MARKETABLE TITLE.
    Where the administrator had not obtained, under Code Civ. Proc. § 2751, a judgment for the sale of land to pay debts, title from him was not marketable, and a purchaser will not be required to carry out his bid.
    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1545–1549; Dec. Dig. § 367.*]

Appeal from Special Term, Kings County.

Action by Virginia M. Monroe against Antonio Musica and others. From an order of the Special Term denying the motion of the Temple Bar Realty Company, Incorporated, to be relieved of its bid, the Company appeals. Order reversed, and motion granted.

Argued before JENKS, P. J., and THOMAS, STAPLETON, RICH, and PUTNAM, JJ.

Samuel A. Telsey, of Brooklyn, for appellant.

Henry M. Bellinger, Jr., of New York City (James McBrien, of New York City, on the brief), for respondent.

PER CURIAM. The successful maintenance of an action under section 2751 of the Code of Civil Procedure was necessary to enable the administrator to apply in the Surrogate's Court for the sale of the land to pay debts. Such an action was not brought either as regards the capacity in which the plaintiff sued or the subject-matter of the action. Whether the grandson could successfully assert an interest in the property may depend upon extrinsic facts not before us. But upon the record now appearing, the title is not marketable.

The order should be reversed, and the motion of the purchaser to be relieved of the purchase and for a return of the deposit, with such interest as it has earned, granted, together with reasonable expenses of examining the title to be approved by the court at Special Term and payable from the proceeds of any sale that shall be had on the judgment, with $10 costs and disbursements of this appeal.